# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

ARMANDO GARCIA PICAZO,

    Petitioner,

vs.

CHAD SHEEHAN, et al.,

    Respondents.

No. C25-4057-LTS-MAR

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

This matter is before me on petitioner Armando Garcia Picazo's petition (Doc. 1) for habeas corpus under 28 U.S.C. § 2241 and motion (Doc. 2) for a temporary restraining order (TRO) and preliminary injunction. Garcia Picazo is facing removal proceedings as an alleged Mexican citizen who unlawfully entered the United States nine years ago. An Immigration Judge (IJ) initially set Garcia Picazo's bond at $6,000 (Doc. 8 at 4), but the Department of Homeland Security (DHS) disputed his eligibility for bond and appealed the IJ's decision, instituting an automatic stay on Garcia Picazo's release (Doc. 12-4).

Denied a chance to redeem his bond, Garcia Picazo then petitioned (Doc. 1) this court for habeas corpus relief under 28 U.S.C. § 2241 and filed a motion (Doc. 2) seeking an injunction reinstating the $6,000 bond, or alternatively, prohibiting the respondents (collectively, the Government) from transferring him out of the district during the pendency of his removal proceedings. On initial review I entered an order (Doc. 3) directing the Government to respond to Garcia Picazo's motion, which it did (Doc. 8), and Garcia Picazo has replied (Doc. 14). Garcia Picazo also requests oral argument (Doc. 2), but I do not find oral argument to be necessary. *See* LR 7(c).

## II. BACKGROUND

### A. Factual Background

Garcia Picazo is alleged to be a Mexican citizen present in the United States without having been admitted or paroled. Doc. 12-2 at 1; Doc. 12-7 at 2. He is believed to have entered the United States nine years ago. Doc. 12-7 at 3. He has no criminal history, no reported illicit drug use and was arrested only because he was seen leaving a house that immigration officials were surveilling and matched the description of a different person they were looking for. *Id.* at 2–3. He also reportedly files taxes and had numerous people submit letters of support on his behalf. Doc. 17-2 at 4.

Garcia Picazo was arrested in August 2025. Doc. 12-7 at 2. At his bond redetermination hearing, an IJ considered his circumstances to find that a $6,000 bond was appropriate to secure his continued appearance at future hearings. Doc. 12-3 at 1; Doc. 17-2 at 4. This determination was made over the Government's objection that 8 U.S.C. § 1225(b)(2)(A) applied to Garcia Picazo and deprived the IJ of jurisdiction to consider bond. Doc. 17-2 at 4. DHS then appealed, invoking an automatic stay of the IJ's bond determination. Doc. 12-4 at 1; *see also* 8 C.F.R. § 1003.19(i)(2) (authorizing automatic stay). Garcia Picazo claims that his continued detention violates his substantive due process rights while the automatic stay provision violates his procedural due process rights and constitutes an ultra vires regulation. Doc. 1 at 16–17.

### B. Statutory and Regulatory Framework

This court, and many others, have already explained the underlying statutory framework governing this matter. *See, e.g.*, *Giron Reyes v. Lyons*, ___ F. Supp. 3d ___, No. 25-cv-4048, 2025 WL 2712427, at *1–2 (N.D. Iowa Sept. 23, 2025); *Lopez Benitez v. Francis*, ___ F. Supp. 3d ___, No. 25 Civ. 5937, 2025 WL 2371588, at *3–4 (S.D.N.Y. Aug. 13, 2025); *S.D.B.B. v. Johnson*, No. 25-cv-882, 2025 WL 2845170, at *4–5 (M.D.N.C. Oct. 7, 2025). Under 8 U.S.C. § 1225(b)(2), an "applicant for

admission"[1] who is "seeking admission" must be detained pending a removal proceeding without bond. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–88. By contrast, aliens detained under 8 U.S.C. § 1226(a) are given an individualized bond assessment. *Id*. at 288.

> The regulation authorizing an automatic stay provides:
>
> In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination (Form EOIR-43) with the immigration court within one business day of the order, and, except as otherwise provided in 8 CFR 1003.6(c), shall remain in abeyance pending decision of the appeal by the Board [of Immigration Appeals]. The decision whether or not to file Form EOIR-43 is subject to the discretion of the Secretary [of Homeland Security].

8 C.F.R. § 1003.19(i)(2). "In other words, the automatic stay regulation provides for the ongoing detention of the individual ordered released on bond where DHS has determined that an appeal is warranted." *Maza v. Hyde*, ___ F. Supp. 3d ___, No. 25-cv-12407, 2025 WL 2951922, at *1 (D. Mass. Oct. 20, 2025).

### III. LEGAL STANDARD

Garcia Picazo requests either a TRO or preliminary injunction in addition to habeas relief. Because an IJ has already made a bond determination, and the parties have briefed the merits of Garcia Picazo's request for habeas relief, I will skip any discussion of interim relief and resolve the merits of Garcia Picazo's petition. *See, e.g.*, *Sanchez Alvarez v. Noem*, No. 25-cv-1090, 2025 WL 2942648, at *10 (W.D. Mich. Oct. 17, 2025) (granting habeas corpus petition and denying requested interim relief as moot); *Sanchez Ballestros v. Noem*, No. 25-cv-594, 2025 WL 2880831, at *1 (W.D. Ky. Oct.

---

[1] Defined as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1).

9, 2025) (same). Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner bears the burden to prove by a preponderance of the evidence that his detention is unlawful. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025).

## IV. DISCUSSION

The basis for DHS's appeal of the IJ's decision is that Garcia Picazo is an applicant for admission ineligible for bond under § 1225(b)(2). I have previously held that § 1225(b)(2) "applies to aliens encountered as they are attempting to enter the United States or shortly after they gained entry without inspection." *Giron Reyes*, 2025 WL 2712427, at *4. I find no reason to change that conclusion here. From that, I find that Garcia Picazo, having presumedly entered the United States nine years ago, does not fit the scope of § 1225(b)(2) as an alien who was "encountered as [he was] attempting to enter the United States or shortly after [gaining] entry without inspection. *Id.* Whatever "overlap" the Government contends there is between § 1225(b)(2) and § 1226(a), Doc. 8 at 10, thus misses the point, as Garcia Picazo falls squarely in the realm of § 1226(a). DHS's contention that the IJ did not have jurisdiction to consider bond then is incorrect.

### A. Due Process

The Due Process Clause extends to all persons regardless of their citizenship status. *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025). There are two components to the clause: procedural due process and substantive due process. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). The procedural aspect focuses only on the process provided to an individual, and whether that was constitutionally adequate. *Mo. Roundtable for Life v. Carnahan*, 676 F.3d 665, 677 (8th Cir. 2012). Whereas the substantive aspect looks beyond the fairness of the process and into the Government's rationale to test whether it had a compelling reason to deprive an individual of a fundamental right. *Reno v. Flores*, 507 U.S. 292, 303 (1993).

4

### 1. *Substantive Due Process*

Garcia Picazo first contends that his continued detention violates his liberty interest. "Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Thus, detention violates an individual's liberty interest "unless the detention is ordered in a *criminal* proceeding with adequate procedural protections, or, in certain special and narrow nonpunitive circumstances, where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (citations and quotation marks omitted). Although alleged illegal aliens may be detained pending removal proceedings, *Demore v. Kim*, 538 U.S. 510, 531 (2003), that alone does not constitute a special justification for continued detention, even when an alien is found to be removable, *Zadvydas*, 533 U.S. at 690–91; *Demore*, 538 U.S. at 532 (Kennedy, J., concurring).

On this record, and as-applied to Garcia Picazo, I find that his continued detention is in violation of his substantive due process rights. The Government must establish a special justification for Garcia Picazo's continued detention. The mere fact that removal proceedings have been instituted against him is insufficient. Detention may be necessary to give "immigration officials time to determine an alien's status without running the risk of the alien's either absconding or engaging in criminal activity." *Jennings*, 583 U.S. at 286. Here, of course, immigration officials *have* had time to make an individualized assessment of Garcia Picazo's circumstances. An IJ has already found that he poses no danger to the community and that a $6,000 bond will assure his continued presence at hearings. To ignore the IJ's findings and continue to detain Garcia Picazo without

providing any meritorious justification[2]—much less a compelling one—flies in the face of Garcia Picazo's substantive due process rights.

### 2. *Procedural Due Process*

Garcia Picazo challenges the process afforded to him by DHS's invocation of the automatic stay of his bond. Procedural due process is meant to protect against "the mistaken or unjustified deprivation of life, liberty, or property." *A.A.R.P.*, 605 U.S. at 94 (citing *Carey v. Piphus*, 435 U.S. 247, 259 (1978)). Its purpose is effectuated by requiring that the Government ensure an individual receive adequate safeguards before life, liberty or property can be taken. In measuring the adequacy of the process in place, a court weighs: (1) the private interest affected; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the new procedures would require. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

*Private Interest.* Garcia Picazo has a significant interest in being free from detention. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (describing "the interest in being free from physical detention" as "the most elemental of liberty interests"). This interest is heightened by the fact that he is being incarcerated among, and facing the same conditions as, convicted felons and violent offenders. *Cf. Hernandez-Lara v. Lyons*, 10

---

[2] The only apparent justification is the argument that Garcia Picazo should be categorized as an applicant for admission who is seeking admission. This argument has been rejected by this court and almost every other federal district court to take up the issue. *See, e.g.*, *Giron Reyes*, 2025 WL 2712427, at *4; *Contreras-Cervantes v. Raycraft*, No. 25-cv-13073, 2025 WL 2952796, at *8 n.4 (E.D. Mich. Oct. 17, 2025) (collecting cases). Of the hundreds of cases on the matter, I have found only two that side with the Government's novel view. *See Vargas Lopez v. Trump*, ___ F. Supp. 3d ___, No. 25CV526, 2025 WL 2780351, at *9 (D. Neb. Sept. 30, 2025); *Chavez v. Noem*, ___ F. Supp. 3d ___, 25-cv-02325, 2025 WL 2730228, at *5 (S.D. Cal. Sept. 24, 2025). Neither case grappled with the due process ramifications. *See Gonzalez Martinez v. Noem*, No. 25-cv-430, 2025 WL 2965859, at *3 (W.D. Tex. Oct. 21, 2025).

F.4th 19, 28 (1st Cir. 2021). And even though an IJ has deemed Garcia Picazo to be qualified for bond.

Nor does the fact that Garcia Picazo can end his detention by agreeing to withdraw his defense of the removal proceedings lessen his liberty interest, as the Government contends. *See* Doc. 8 at 21 (citing *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999)). Sure, Garcia Picazo can end his detention by foregoing removal proceedings just as an individual can end a forfeiture or condemnation proceeding by surrendering their property or a criminal defendant can terminate pretrial detention by pleading guilty. What matters is the process. Giving Garcia Picazo the Hobson's choice of either self-deporting or remaining in custody does not provide him the protection afforded by the Due Process Clause.

***Risk of Erroneous Deprivation.*** The automatic stay is likely to erroneously deprive people of their liberty because it impacts only those who have already demonstrated to an IJ that they are entitled to be released on bond. *See Garcia Jimenez v. Kramer*, No. 25-cv-3162, 2025 WL 2374223, at *3 (D. Neb. Aug. 14, 2025). Even worse, the regulation does not impose any standards or restrictions on DHS in deciding whether to invoke the measure. *See Sampiao v. Hyde*, ___ F. Supp. 3d ___, No. 25-cv-11981, 2025 WL 2607924, at *10 (D. Mass Sept. 9, 2025) (collecting cases noting the risk in authorizing the prosecution to "usurp the role of the Immigration Judge" after having failed to convince the IJ that detention was necessary). This is an anomaly in our adversarial system that is rife with opportunities for abuse. *See Herrera v. Knight*, ___ F. Supp. 3d ___, No. 25-cv-01366, 2025 WL 2581792, at *11 (D. Nev. Sept. 5, 2025).

***Government's Interest.*** The best I can make of the Government's asserted interest is that it must be able to enforce the immigration laws as it interprets them. I do not discount that interest. *See Dep't of State v. Munoz*, 602 U.S. 899, 911–12 (2024) ("[T]he through line of history is recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens."). But the Government's enforcement of immigration laws is not what is at issue here. Rather, it is the automatic

7

stay regulation that Garcia Picazo challenges. The asserted interest of unilaterally revoking a bond determination made by a neutral arbiter is weak. If anything, the Government's interest in enforcing the immigration laws and ensuring that aliens entering removal proceedings are neither a danger nor a flight risk is satisfied at a bond redetermination hearing. But even accepting that the Government does have some interest in upholding the automatic stay provision,[3] it does not outweigh Garcio Picazo's liberty interest and the risk that the provision has on erroneously depriving him of that right.

## B. Ultra Vires Regulation

Finally, Garcia Picazo argues that the automatic stay provision is ultra vires because it amounts to DHS acting without congressional authority. "Agency actions beyond delegated authority are 'ultra vires,' and courts must invalidate them." *United States ex. rel. O'Keefe v. McDonnell Douglas Corp.*, 132 F.3d 1252, 1257 (8th Cir. 1998) (quoting *Transohio Sav. Bank v. Dir., Off. of Thrift Supervision*, 967 F.2d 598, 621 (D.C. Cir. 1992), *abrogated on other grounds as recognized in Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 621 (D.C. Cir. 2017)). The Government's brief does not address this argument. Which may be deemed an abandonment of the issue. *Hacker v. Barnhart*, 459 F.3d 934, 937 n.2 (8th Cir. 2006); *see also Am. Foreign Serv. Ass'n v. Trump*, 766 F. Supp. 3d 25, 30 (D.D.C. 2025). Nonetheless, I will address the challenge. In doing so I adopt and incorporate by reference the reasoning in *Jacinto v. Trump*, ___ F. Supp. 3d ___, No. 25CV3161, 2025 WL 2402271, at *5 (D. Neb. Aug. 19, 2025).

---

[3] I will assume there is *some* Government interest even though there is generally "no public interest in the perpetuation of unlawful agency action. To the contrary, there is a substantial public interest 'in having governmental agencies abide by the federal laws that govern their existence and operations.'" *League of Women Voters of the U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) (citations omitted).

Section 1226(a), the provision under which Garcia Picazo fits, delegates authority to the Attorney General to make bond determinations. 8 U.S.C. § 1226(a). That authority can then be delegated to "any other officer, employee, or agency of the Department of Justice" as the Attorney General deems appropriate, 28 U.S.C. § 510, and has been delegated to IJs, who work within the Department of Justice. 8 U.S.C. § 1101(b)(4); 8 C.F.R. § 1001.1(*l*); *see also* 8 C.F.R. § 1003.0 (organizing the Executive Office for Immigration Review within the Department of Justice, the office which IJs work within). Thus, IJs are properly vested bond-determination authority.

DHS, by contrast, is a separate executive branch agency. 6 U.S.C. § 111(a). While the Attorney General has attempted to delegate its authority to stay a bond determination to DHS by agency rule, 8 C.F.R. § 1003.19(i)(2), the rule goes beyond any authority delegated to the Attorney General by Congress. 28 U.S.C. § 510 (requiring delegations of authority be made within the Department of Justice). By instituting a stay of bond and extending Garcia Picazo's detention against the findings of an IJ, who does have the authority to make bond determinations, DHS acted beyond its authority. That makes the automatic stay regulation ultra vires and stands as another reason why the Government's withholding of Garcia Picazo's chance to redeem his bond is unlawful.

## V.  CONCLUSION

For the reasons set forth herein:

1. Armando Garcia Picazo's petition (Doc. 1) for a writ of habeas corpus is **granted**. Respondents are **ordered** to immediately release Garcia Picazo from custody upon his posting of the $6,000 bond set by the Immigration Judge, with no additional conditions being imposed upon his release beyond those ordered by the Immigration Judge at the bond redetermination hearing (Doc. 17-2).

2. Garcia Picazo's motion (Doc. 2) for a temporary restraining order and preliminary injunction is **denied as moot**.

9

**IT IS SO ORDERED** this 27th day of October, 2025.

_____
Leonard T. Strand
United States District Judge